UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| COREY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| CITY OF CHICAGO, Chicago Police Officer ADRIAN ROSILES (Star #19462) and Chicago Police Officer ALBERT RANGEL (Star #5339), | ) ) ) ) ) | Judge: Magistrate Judge: |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## COMPLAINT

Corey Williams, by and through his attorneys, Andrew M. Stroth of Action Injury Law Group LLC, and Carlton Odim of Odim Law Offices, complains of Defendants, City of Chicago, Chicago Police Officer Adrian Rosiles and Chicago Police Officer Albert Rangel (collectively, "Defendant Officers") as follows:

### Introduction

1. This is a civil rights action. On or about November 21, 2016, Corey Williams, a 20-year-old African-American young man, was physically beaten and verbally abused by Chicago Police Officers without lawful justification. Corey Williams was unarmed and presented no threat to the Defendant Officers or to anyone else.

### Jurisdiction and Venue

2. The Jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983 et seq; the Judicial Code, §§ 1331 and 1343(a); and the Constitution of the United States.

3. Venue is proper in this District under 28 U.S.C. § 1391(b). The parties reside, or, at the time the events took place, resided in this judicial district, and the events giving rise to plaintiffs claims also occurred in this judicial district.

**Parties**

4. Plaintiff Corey Williams, at all times relevant to the allegations in this compliant, resided in Richton Park, Illinois.

5. Defendant Adrian Rosiles, was, at all times relevant to the allegations in this complaint, a duly appointed police officer employed by the City of Chicago, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

6. Defendant Albert Rangel was, at all times relevant to the allegations made in this complaint, a duly appointed police officer employed by the City of Chicago, acting within the scope of his employment with the City of Chicago and under the color of state law. He is sued in his individual capacity.

7. Defendant City of Chicago, a municipality duly incorporated under the laws of the State of Illinois, is the employer and principal of Defendant Adrian Rosiles and Defendant Albert Rangel. The City is responsible for the policies, practices and customs of its Police Department, City Council, Independent Police Review Authority, The Civilian Office of Police Accountability and Police Board.

**Facts**

8. On or about November 21, 2016 around 9 p.m., Corey Williams was sitting in his car at a gas station located at 8701 South Martin Luther King Drive in Chicago. As he was parked and sitting in his car, CPD Officer Adrian Rosiles (Star #19462) and Officer Albert Rangel (Star #5339) approached Corey Williams and demanded that he get out of his car. Both officers had their guns drawn and were shining their flashlights at Corey. Following their demands and in fear of being shot, Corey stepped out of his vehicle with his hands open and up in the air.

9. After Corey Williams exiting his vehicle, one of the defendant officers without cause of provocation grabbed Corey's right arm and immediately slammed him to the ground and handcuffed him.

10. While Corey Williams was on the ground and in handcuffs, the officer manipulated Corey's left arm, fracturing it. While on the ground, Corey screamed out in excruciating pain and asked for help multiple times. One of the officers used his foot to keep Corey on the ground and yelled that Corey was resisting arrest. After fracturing Corey's arm and taunting him, the officers threatened to take Corey to Jackson Park Mental Hospital because they said something was wrong with him. After brutalizing Corey, the officers took Corey to the CPD station at 78th and Halsted.

11. In an attempt to justify and conceal their misconduct, Defendants caused criminal charges to be lodged against Corey Williams.

12. Following Corey's release from the police station and without any assistance from CPD, Corey walked himself to the University of Chicago Hospital at 58th and Maryland. Corey was immediately admitted to the emergency room.

13. The criminal charges against Corey Williams were subsequently dismissed.

14. As a result of the actions of the Defendant Officers, Corey suffered great pain and physical injury and trauma to his arms, left elbow and shoulders. Corey also suffered emotional distress.

15. The actions of the Defendant Officers as alleged in this complaint were done with the intent to cause or in reckless disregard of the probability that they would cause severe emotional distress to Corey.

16. Defendant Adrian Rosiles, being present, had the duty and opportunity to intervene to protect Corey, but Defendant Adrian Rosiles did nothing to assist Corey or prevent the physical and verbal violence inflicted on Corey.

17. Defendant Albert Rangel, being present, had the duty and opportunity to intervene to protect Corey, but Defendant Albert Rangel did nothing to assist Corey or prevent the physical and verbal violence inflicted on Corey.

18. Defendant Adrian Rosiles and Defendant Albert Rangel, jointly agreed and/or conspired with one another to prepare false, misleading, and incomplete official reports and to give a false, incomplete, and misleading versions of the events to their superiors and to the public.

19. The actions of the Defendants and their named and unnamed co-conspirators, as alleged in this complaint, were done jointly, in concert, and with shared intent and, therefore, constitute a continuing civil conspiracy under 42 U.S.C. § 1983.

**Count I**
**42 U.S.C. § 1983 Claim for Excessive Force**

20. Plaintiff repeats and realleges the previous paragraphs of this complaint, as if they were fully set out in this Count.

21. The actions of Defendant Adrian Rosiles and Defendant Albert Rangel described in this complaint violated Corey's rights under the United States Constitution to be free from and secure in his person against the use of excessive force and they caused the injuries alleged in this complaint.

22. The actions of Defendant Adrian Rosiles and Defendant Albert Rangel as alleged in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages, and because Defendant Adrian Rosiles and Defendant Albert Rangel acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

**Count 2**
**42 U.S.C. § 1983 Claim for False Arrest/Unlawful Detention**

23. Plaintiff repeats and realleges the previous paragraphs of this complaint, as if they were fully set out in this Count.

24. The actions of Defendant Adrian Rosiles and Defendant Albert Rangel described in this complaint constituted a false arrest and unlawful detention of the Plaintiff without justification and without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

25. The actions of Defendant Adrian Rosiles and Defendant Albert Rangel as alleged in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages, and because Defendant Adrian Rosiles and Defendant Albert Rangel acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

### Count 3
### 42 U.S.C. § 1983 Claim for Failure to Intervene

26. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

27. As alleged in this complaint, each Defendant Officer had an opportunity to intervene and prevent the violation of Plaintiff's constitutional rights by the other, but failed to do so.

28. The actions of Defendant Adrian Rosiles and Defendant Albert Rangel as alleged in this Count of the complaint were the direct and proximate cause of the constitutional violations set forth above and of the Plaintiffs injuries.

WHEREFORE, pursuant to 42 U.S.C. §1983, Plaintiff demands substantial actual or compensatory damages, and because Defendant Adrian Rosiles and Defendant Albert Rangel acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

**Count 4**
**State Law Claim for Assault and Battery**

29. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

30. The actions of Defendant Adrian Rosiles and Defendant Albert Rangel towards created in Plaintiff the apprehension of an imminent, harmful, and offensive touching and constituted a harmful touching, both without legal justification.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and because Defendant Adrian Rosiles and Defendant Albert Rangel acted maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

**Count 5**
**State Law Claim for Malicious Prosecution**

31. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs of this complaint and includes them in this count as if they were fully set out here.

32. The defendant officers without probable cause and with malice caused false criminal charges to be brought against the Plaintiff in order to justify their actions.

33. The criminal charges were subsequently dismissed in Plaintiff's favor.

34. The false charges filed against the Plaintiff proximately caused injuries to the Plaintiff, including but not limited to the possibility of a criminal conviction for violations of the law he did not commit, monetary losses, and mental and emotional injuries.

WHEREFORE, Plaintiff demands substantial actual or compensatory damages, and because Defendant Adrian Rosiles and Defendant Albert Rangel acted maliciously, wantonly, or

oppressively, punitive damages, plus the costs of this action, attorney's fees and whatever additional relief this Court deems equitable and just.

## Count 6
**State Law Claim for Respondeat Superior Against Defendant City of Chicago**

35. Plaintiff repeats and realleges the previous paragraphs of this complaint, as if they were fully set out in this Count.

36. Defendant Adrian Rosiles Defendant Albert Rangel were, at all times material to the allegations made in this complaint, employees and agents of the Defendant City of Chicago acting within the scope of their employment. Defendant City of Chicago is liable for the acts of Defendants which violated state law under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for compensatory damages, jointly and severally from the City of Chicago plus the costs of this action and whatever additional relief this Court deems equitable and just.

## Count 7
**745 ILCS 10/9-102 Claim Against Defendant City of Chicago**

37. Plaintiff repeats and realleges the previous paragraphs of this complaint, as if they were fully set out in this Count.

38. Defendant City of Chicago was the employer of Defendant Adrian Rosiles and Defendant Albert Rangel at all times relevant to the allegations contained in this complaint.

39. Defendant police officers committed the acts alleged in this complaint under the color of law and in the scope of their employment as employees of the City of Chicago, and the City is liable for their actions under 745 ILCS 10/9-102.

WHEREFORE, Plaintiff demands judgment against the Defendant City of Chicago in the amount awarded to Plaintiff against any and all individual Defendants as damages, attorney's fees, costs and interest, and/or for any settlement entered into between the Plaintiff and Defendants, and for whatever additional relief this Court deems equitable and just.

| | |
|---|---|
| November 21, 2017 | /s/Andrew Stroth |
| | Andrew M. Stroth<br>Action Injury Law Group, LLC<br>191 North Wacker Drive<br>Suite 2300<br>Chicago, IL 60606<br>(312) 771-2444<br>astroth@actioninjurylawgroup.com |
| | Carlton Odim<br>Odim Law Offices<br>225 West Washington Street<br>Suite 2200<br>Chicago, Illinois 60606<br>(312) 578-9390<br>carlton@odimlawoffices.com |
| | *ATTORNEYS FOR PLAINTIFF* |